UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **TERRENCE BENOIT** | **CIVIL ACTION NO. 07-0039** |
| **VERSUS** | **SECTION   "P"** |
| **BURL CAIN, WARDEN** | **JUDGE HAIK** |
| | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed on December 13, 2006[1] by *pro se* petitioner Terrence Benoit pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. Petitioner is incarcerated at the Louisiana State Penitentiary where he is serving a total of 116 years imposed following his December 20, 205 convictions for possession of child pornography entered in the Sixteenth Judicial District Court, for Iberia Parish, Louisiana.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that this *habeas corpus* petition be **DISMISSED WITHOUT PREJUDICE** for petitioner's failure to exhaust state court remedies.

---

[1] The petition was filed in the United States District Court for the Middle District of Louisiana.  The petition was transferred to this court on January 8, 2007.

## STATEMENT OF THE CASE

On December 20, 2005, petitioner pled guilty to 58 counts of possession of child pornography. Petitioner's Motion to Withdraw his guilty plea was denied, and petitioner was sentenced to serve a total of 116 years imprisonment. Petitioner alleges that he has filed both a direct appeal of his conviction and sentences, as well as an application for state post-conviction relief. Petitioner candidly admits that both are "active" in the state courts, that is, both are pending review by the Louisiana Supreme Court.

Communication with the clerk of the Louisiana Supreme Court reveals that petitioner has an application for discretionary review currently pending in that court. *Benoit v. State*, Docket Number 2007-KH-258. Moreover, this court's research reveals no ruling by the Louisiana Supreme Court on petitioner's claims.[2]

In this petition for federal *habeas corpus* relief, it appears that petitioner asserts some of the same claims which he alleges are currently pending in the Louisiana Supreme Court.

## LAW AND ANALYSIS

**Exhaustion of State Court Remedies**

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding is well established. 28 U.S.C. § 2254; see also, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983).

---

[2]There is a writ denial in the matter *Lorraine Joyce Benoit Coleman v. Terrence Knight Benoit*, 944 So.2d 1276 (La. 12-15-06). However, this appears to be a civil rather than a criminal matter.

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. However, the right to pursue *habeas* relief in federal court is qualified. It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997).

In order to satisfy the exhaustion requirement, the claim must be presented to the state's highest court,  even when review by that court is discretionary.   *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.  1998) citing *Richardson v.  Procunier*, 762 F.2d 429, 431-32 (5th Cir.  1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999).  In Louisiana, the highest court is the Louisiana Supreme Court.

In this case, the record clearly reflects petitioner's failure to exhaust state court remedies.  It appears that some of the same claims which petitioner asserts herein are currently pending in the Louisiana Supreme Court. This conclusion is supported by this court's research which demonstrates an absence of a decision by the Louisiana Supreme Court with respect to petitioner's claims.  Because this *habeas corpus* petition, on its face,

reveals that the petitioner has not complied with the exhaustion requirement, this Court is expressly authorized to dismiss petitioner's claims. *Resendez v. McKaskle*, 722 F.2d 227 (5th Cir. 1984); *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir.1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 2554, 115 L. Ed.2d 640 (1991); *Sterling v. Scott,* 57 F.3d 451, 454 (5th Cir.1995) (concluding that the district court was required to dismiss an unexhausted application). Additionally, under 28 U.S.C. §2254(b)(1)(A)[3] the District court is precluded from granting *habeas* relief on an unexhausted claim.

Moreover, because the present petition raises only unexhausted claims, this court need not address the stay and abeyance procedure applicable to "mixed" *habeas corpus* petitions as set forth by the United States Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), nor has petitioner demonstrated good cause for his failure to exhaust or that his claims are potentially meritorious. *See Ricks v. Deville*, 2007 WL 624599, *4 (W.D.La. 2007); *Barrett v. Michaels*, 2006 WL 2054460, *3 (W.D.La. 2006). Petitioner may refile his federal *habeas corpus* petition after fully exhausting state court remedies, provided that the petition is filed within the AEDPA one year time limitation.[4]

---

[3] § 2254 provides, in pertinent part:
(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
(A) **the applicant has exhausted the remedies available in the courts of the State;**

[4] As a general rule, the one year limitation period does begin to run until "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...", that is, the date on which the Louisiana Supreme Court denies direct review. 28 U.S.C. § 2244(d)(1)(A). Moreover, the time during which a properly filed application for post-conviction relief is pending in state courts is not counted toward the limitation period. 28 U.S.C. § 2244(d)(2).

For these reasons, the undersigned concludes that the proper course of action is to dismiss this case without prejudice to allow petitioner to fully exhaust state court remedies before proceeding herein. Accordingly;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DISMISSED WITHOUT PREJUDICE** due to petitioner's failure to exhaust state court remedies

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana this 21st day of March, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE